**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Edvile Vaidoto Edmunds,<br><br>Defendant. | Case No. 0:26-mj-00729-SGE<br><br>**DEFENDANT'S MOTION FOR A BILL OF PARTICULARS AND MEMORANDUM OF LAW** |

## INTRODUCTION

Defendant Edvile Vaidoto Edmunds, through counsel, moves under Federal Rule of Criminal Procedure 7(f) for an order directing the government to file a bill of particulars as to the single count of the Indictment (Dkt. 1). Ms. Edmunds was arraigned on September 29, 2026 (Dkt. 10; Dkt. 12 at 1); this motion is made within fourteen days after arraignment, as Rule 7(f) provides, and in any event within the time the Court's Pretrial Scheduling and Case Management Order sets for non-dispositive motions (Dkt. 12 § III, at 3). Should the Court conclude that the motion is untimely under Rule 7(f), Ms. Edmunds asks that the Court permit it under that Rule. The grounds are as follows.

## BACKGROUND

The Indictment alleges, in a single sentence, that "[o]n or about November 8, 2022, in the State and District of Minnesota," Ms. Edmunds, "an alien, fully knowing that she was not a United States citizen, did knowingly vote in an election held in part for the purpose of electing a candidate for President, Vice President, United States Senator, and Member of the House of Representatives, in violation of Title 18, United States Code,

Section 611." (Dkt. 1 at 1.) It identifies the election only by date. It does not identify the place at which or the method by which the vote is alleged to have been cast, or what the government contends Ms. Edmunds knew beyond the fact of her citizenship. And it describes the election as one held to elect candidates for four federal offices, three of which were not on any Minnesota ballot in November 2022: the only federal contest in the congressional district that includes Minnetonka was for United States Representative. (EVE_00000572 (Secretary of State's "State & Federal Results in Congressional District 3," listing a single federal contest); *see also* EVE_00000528 (Hennepin County general election ballot for a Minneapolis precinct, listing "U.S. Representative" as the only office under "Federal Offices").) Counsel for the government has advised that the government does not oppose striking the references to the three offices that were not on the ballot, and Ms. Edmunds does not seek a particular on that point.

The discovery produced on October 6, 2026 narrows some of the remaining questions and leaves others open. The Statewide Voter Registration System ("SVRS") records on which the government relies consist of three database screens. A "Voter Registration Public Information Report" lists a voter with Ms. Edmunds's name and address and a single voting-history entry, for the November 8, 2022 State General Election, with voting method "P." (EVE_00000568.) A "Voting History" screen for the same voter identification number records the 2022 vote with the source "Roster," the roster "MINNETONKA W-2 P-D," the entry "EDR: Yes," and an election-day-registration identification category of "MN Driver's License or MN ID or Receipt." (EVE_00000569.) A "Voter Record" screen for the same voter has several fields blacked out in the copy

produced. (EVE_00000570.) None of the three screens says where or how the vote was cast.

The agents' summary of Ms. Edmunds's August 6, 2026 interview, which the government cautions "is not intended to be a verbatim account," records her account that she voted once, at "Ridgedale," in a building that houses "the DMV," in Hennepin County, close to her home; and that she told the election workers she was not a citizen and had only a green card and was told that as a permanent resident she could vote. (EVE_00000512–13.) The government's transcript of the recording attributes to her the further statement that she registered at the same place on the same day she voted. (EVE_00000559.) The Ridgedale Library, at 12601 Ridgedale Drive in Minnetonka, shares a building complex with a Hennepin County service center, and the City of Minnetonka's records identify the library as the polling place for precinct W-2 P-D in 2022 and 2023. City of Minnetonka, City Council Regular Meeting Agenda, Item 10C (Dec. 19, 2022) (resolution establishing 2023 polling places and staff report stating that "[t]here are no changes to polling places for 2023"). Ms. Edmunds's account and the SVRS roster entry may therefore describe the same event. But the government has not said so, and neither the Indictment nor the discovery states whether the government contends that she voted in person at that polling place on election day or by some other method or at some other place, or what, beyond non-citizenship, it contends she knew when she voted.

## ARGUMENT

Rule 7(f) permits the Court to direct the government to file a bill of particulars. "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with

sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011) (quoting *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009)) (internal quotation marks omitted). "If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." *Livingstone*, 576 F.3d at 883. The decision is committed to the Court's discretion, and "at the pre-trial stage, courts considering whether to grant a motion for a bill of particulars ask whether the defendant has been adequately informed of the charges such that he can prepare a defense and avoid surprise at trial." *United States v. Rank*, No. 26-mj-56 (JNE/DLM), ECF No. 57, at 4–5 (D. Minn. July 9, 2026) (Micko, M.J.) (quoting *United States v. Belfrey*, No. 14-373 (ADM/TNL), 2016 WL 1301085, at *2 (D. Minn. Apr. 1, 2016)). A bill of particulars "is not to be used for discovery purposes," *United States v. Milk*, 66 F.4th 1121, 1133 (8th Cir. 2023) (quoting *United States v. Hill*, 589 F.2d 1344, 1352 (8th Cir. 1979)), and Ms. Edmunds does not seek the government's evidence or its witnesses. In *Huggans* and *Livingstone* the Eighth Circuit affirmed the denial of particulars because the indictment, the discovery, and the government's explanations had together told the defendant what he was accused of doing. 650 F.3d at 1220; 576 F.3d at 883–84. Here they have not. The Indictment is a single sentence that misdescribes the election, and the discovery, which consists of three database screens and an interview summary the government itself cautions is not verbatim, does not say how or where the government contends the vote was cast or what it contends Ms. Edmunds knew. As in *Rank*, where the Court granted particulars because the discovery "in no way clarifie[d] the charge the government brings," ECF No.

57, at 5, the gap here is in the government's theory of the charged act, not in the quantity of its evidence. Ms. Edmunds asks the Court to exercise its discretion to require the government to state its theory on three points.

1. **The place and method of voting.** The government's records locate the vote on the Minnetonka W-2 P-D roster by method "P" (EVE_00000569); its interview summary describes an in-person vote at the Ridgedale complex (EVE_00000512–13). Ms. Edmunds asks the government to state whether it contends that she voted in person at a polling place on election day, in person by absentee ballot at a county facility, or by some other method, and at what location. The answer determines which Minnesota procedures apply (election-day registration at the polling place under Minn. Stat. § 201.061, subd. 3 (2022), or absentee voting and registration under Minn. Stat. ch. 203B (2022), including § 203B.04, subd. 4), which election officials and which records are relevant, and therefore which witnesses the defense must identify for the hearing set for November 17, 2026 and for trial.

2. **The knowledge allegation.** The Indictment alleges that Ms. Edmunds acted "fully knowing that she was not a United States citizen" and "knowingly" voted. Ms. Edmunds contends, and will separately ask the Court to hold, that § 611 requires proof that she knew she was not permitted to vote; the statute's text does not resolve the point, and she acknowledges that it is her contention. Whatever the Court decides on that question, she is entitled to know whether the government contends that she knew she was ineligible to vote, as distinct from knowing that she was not a citizen. Her own account, as the government records it, is that she disclosed her status and was told she could vote. (EVE_00000513.) The answer determines whether the defense must prepare and give

notice of defenses based on reliance on the assurances of election officials. The Eighth Circuit treats both the public-authority and the entrapment-by-estoppel defenses as requiring pretrial notice under Rule 12.3, *United States v. Seng Xiong*, 914 F.3d 1154, 1159–60 (8th Cir. 2019), and the Court's order requires such notice within fourteen days of a government request (Dkt. 12 § III.F, at 5). Ms. Edmunds does not suggest that the bill postpones any notice obligation; she asks for the particular so that the notice decision can be made on an accurate understanding of what is charged.

3. **Other conduct.** Ms. Edmunds asks that the government state whether it contends that any act other than the vote of November 8, 2022 constitutes the charged offense.

These particulars are limited to the government's theory of the single charged offense, and the government can supply them from information already in its possession. Without them, a one-sentence indictment that misdescribes the election leaves Ms. Edmunds to prepare for several different versions of the same case. The risk of surprise is concrete, the burden on the government is minimal, and the particulars will narrow the issues for the hearing set for November 17, 2026 and for trial.

## CONCLUSION

Ms. Edmunds respectfully requests that the Court order the government to file, within fourteen days, a bill of particulars stating: (1) the method by which, and the location at which, the government contends Ms. Edmunds cast the vote charged; (2) whether the government contends that Ms. Edmunds knew she was not eligible to vote, as distinct from knowing she was not a citizen; and (3) whether the government contends that any act other than the November 8, 2022 vote constitutes the charged offense. Pursuant to D. Minn. LR

12.1(b) and Dkt. 12, a meet-and-confer statement is filed with this motion. A proposed order is submitted herewith. No evidentiary hearing is required.

Dated: October 13, 2026

Respectfully submitted,

RATKOWSKI LAW PLLC

/s/ Nico Ratkowski
Nico Ratkowski (Atty. No. 0400413)
332 Minnesota Street, Suite W1610
Saint Paul, MN 55101
P: (651) 755-5150
E: nico@ratkowskilaw.com

Attorney for Defendant