**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Edvile Vaidoto Edmunds,

Defendant.

Case No. 0:26-mj-00729-SGE

**DEFENDANT'S UNOPPOSED MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT AND MEMORANDUM OF LAW**

Defendant Edvile Vaidoto Edmunds, through counsel, moves under Federal Rule of Criminal Procedure 7(d) to strike from the Indictment (Dkt. 1) the words "President, Vice President, United States Senator, and" in the description of the election in which she is alleged to have voted, so that the Indictment alleges an election "held in part for the purpose of electing a candidate for Member of the House of Representatives." Counsel for the government has advised that the government does not object to the motion. The grounds are as follows.

## BACKGROUND

The Indictment charges one count under 18 U.S.C. § 611. It alleges that "[o]n or about November 8, 2022, in the State and District of Minnesota," Ms. Edmunds, "an alien, fully knowing that she was not a United States citizen, did knowingly vote in an election held in part for the purpose of electing a candidate for President, Vice President, United States Senator, and Member of the House of Representatives." (Dkt. 1.)

No election for President, Vice President, or United States Senator was held in Minnesota on November 8, 2022. Presidential electors are appointed in each State on

"election day," which federal law defines as "the Tuesday next after the first Monday in November, in every fourth year succeeding every election of a President and Vice President." 3 U.S.C. §§ 1, 21(1); see 3 U.S.C. § 1 (2018) (provision in force on November 8, 2022, to the same effect). The most recent presidential elections were in 2020 and 2024. Neither of Minnesota's seats in the United States Senate was on the 2022 ballot: Senators are divided into three classes with staggered six-year terms, U.S. Const. art. I, § 3, cl. 2, and Minnesota's seats were last contested in 2020 and 2024. The government's own discovery confirms the point. The Hennepin County State General Election ballot produced at EVE_00000528 (a ballot for a Minneapolis precinct in the Fifth Congressional District) lists a single office, "U.S. Representative," under "Federal Offices," followed by state, county, and school district offices. The Secretary of State's results page for "State & Federal Results in Congressional District 3," the district that includes Minnetonka, lists one federal contest, "U.S. Representative District 3," followed by state legislative contests. (EVE_00000571–72.) The Secretary of State's official results for the 2022 general election, of which the Court may take judicial notice, show the same for every district in the State.

## ARGUMENT

Rule 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." The motion is addressed to the Court's discretion, and the Eighth Circuit has said it "should be granted only where it is clear [that] the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." *United States v. Morales*, 813 F.3d 1058, 1066 (8th

Cir. 2016) (quoting *United States v. DeRosier*, 501 F.3d 888, 897 (8th Cir. 2007), and *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962)). Both conditions are met.

The allegations are not relevant to the charge. Section 611(a) requires proof that the election was "held solely or in part for the purpose of electing a candidate for the office of President, Vice President, Presidential elector, Member of the Senate, Member of the House of Representatives, Delegate from the District of Columbia, or Resident Commissioner." The government can satisfy that element, if at all, only through the House race, which is the only federal office that was on the ballot. The references to a presidential and a senatorial election describe contests that did not occur. They cannot be proved, because they are not true, and the government does not need them, because the House allegation stands on its own. Allegations that describe nonexistent events have no relevance to any charge.

The allegations are also prejudicial. The Indictment will be read to the venire and, in the ordinary course, provided to the jury. Jurors told that the defendant cast a ballot in an election for President of the United States and United States Senator will understand the alleged conduct as a different and graver act than voting in a midterm election for a single House seat and local offices, and the false description of a presidential election invites exactly the inflammatory inference that Rule 7(d) exists to prevent. The language also risks confusing the jury about what the government must prove: a juror who believes the Indictment's description may look for, and fail to find, evidence of a presidential election, or may assume the government's proof on the federal-election element is broader than it is.

There is no countervailing cost to the government. Striking the words leaves an Indictment that tracks the statute and the facts.

## CONCLUSION

Ms. Edmunds respectfully requests that the Court strike the words "President, Vice President, United States Senator, and" from the Indictment. Pursuant to D. Minn. LR 12.1(b) and the Court's Pretrial Scheduling and Case Management Order (Dkt. 12), a meet-and-confer statement reflecting the government's position is filed with this motion. A proposed order is submitted herewith. No evidentiary hearing is required, and Ms. Edmunds asks that the motion be decided on the papers.

Dated: October 13, 2026

Respectfully submitted,

RATKOWSKI LAW PLLC

/s/ Nico Ratkowski
Nico Ratkowski (Atty. No. 0400413)
332 Minnesota Street, Suite W1610
Saint Paul, MN 55101
P: (651) 755-5150
E: nico@ratkowskilaw.com

Attorney for Defendant